13 CV 8595

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

TORTUS CAPITAL MASTER FUND, LP,                 :       13 CV_____

                                 Plaintiff,        :

                  -against-                          :       <u>COMPLAINT</u>

THE REPUBLIC OF ARGENTINA,                       :

                                Defendant.       :

------------------------------------------------------------------- X

      Plaintiff, by its attorneys, Milberg LLP, for its Complaint alleges as follows:

      1.     This is a breach of contract action arising in connection with defaulted bonds issued by Defendant, the Republic of Argentina (the "Republic").

Parties

      2.     Plaintiff, Tortus Capital Master Fund, LP, is a limited partnership organized under the laws of the Cayman Islands.

      3.     Defendant is a foreign state as defined in 28 U.S.C. § 1603(a).

Jurisdiction and Venue

      4.     This Court has jurisdiction pursuant to 28 U.S.C. § 1330.

5. Venue is proper in this district by agreement of the parties and pursuant to 28 U.S.C. § 1391(f).

Facts

6. Plaintiff owns certain bonds, ISIN No. US040114AZ32, in the face amount of $670,000.00, with a maturity date of December 4, 2005, and a coupon rate of 11% (the "Bonds"), which were issued by the Republic pursuant to a Fiscal Agency Agreement dated as of October 19, 1994 (the "1994 FAA").

7. The Republic was required to make principal and interest payments on the Bonds.

8. Pursuant to Section 22 of the 1994 FAA, the Republic (i) appointed Banco de la Nacion Argentina as its agent for service of process, (ii) agreed to submit to the jurisdiction of this Court, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

9. Pursuant to Section 12 of the 1994 FAA, the following are defined as Events of Default:

> (a) Non-Payment: the Republic fails to pay any principal of any of the Securities of such Series when due and payable or fails to pay any interest on any of the Securities of such Series when due and payable and such failure continues for a period of 30 days; or

\* \* \*

> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic shall be declared by the Republic.

10. In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, which included the Bonds. The Republic has failed to make any payment of principal or interest on the Bonds since December 2001.

11. There has been an Event of Default on the Bonds, and the Republic is in breach of its obligations under the 1994 FAA.

12. By reason of the foregoing, the Republic has breached (and continues to breach) its contractual duty to rank its payment obligations under Tortus' Bonds at least equally with all its other present and future unsecured and unsubordinated External Indebtedness.

13. Pursuant to Section 12 of the 1994 FAA, by letter dated December 3, 2013, counsel for Plaintiff provided written notice to the Republic through its Fiscal Agent that Plaintiff owns the Bonds and that the Bonds are in default. Plaintiff demanded full and immediate payment of all principal and interest owing on the Bonds.

## Count One

14. All previous allegations are incorporated here.

15. By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff and is liable for damages in an amount to be determined at trial, plus interest.

## Count Two

16. All previous allegations are incorporated here.

17. Section 1(c) of the 1994 FAA provides, among other things, that the Bonds "shall at all times rank pari passu" and that the payment obligations of the Republic under the Bonds "shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness" as defined in the 1994 FAA.

18. The Republic has breached that provision to the detriment of Plaintiff and will likely continue to do so unless restrained.

19. Plaintiff has suffered and will continue to suffer irreparable injury from such breaches.

20.     The Court should order specific performance of Section 1(c), and the Republic should be enjoined from violating that provision.

WHEREFORE, Plaintiff demands judgment as follows:

(i)     An award of damages in an amount to be determined at trial, plus interest; and

(ii)    An order specifically performing Section 1(c) of the 1994 FAA and enjoining the Republic from violating that provision; and

(ii)    An award of Plaintiff's costs, prejudgment interest, attorneys' fees, and such other and additional relief as the Court deems just and proper.

Dated: December 3, 2013

                                        MILBERG LLP

                                        By: *[signature]*
                                        _____
                                        Michael C. Spencer (MS-8874)

                                        One Pennsylvania Plaza
                                        New York, NY  10119

                                        mspencer@milberg.com
                                        Telephone: 212-594-5300
                                        Facsimile: 212-868-1229

                                        *Attorneys for Plaintiff*